Argued February 18; affirmed March 22, 1932.

## BOSCH *v.* TILLAMOOK NATIONAL BANK

(9 P. (2d) 487)

*George P. Winslow,* of Tillamook (W. C. Winslow, of Salem, on the brief), for appellant.

*Guy O. Smith* and *Allan G. Carson,* both of Salem, for respondent.

PER CURIAM. This is a suit to cancel a note and mortgage executed by the plaintiff in favor of the defendant bank in the sum of $4,850, on the 1st day of November, 1929, to secure the payment of the indebtedness of the husband of plaintiff to the bank. It is contended by plaintiff that she was induced to execute this note and mortgage by reason of the threats of the bank that her husband and she would be criminally prosecuted on account of having given to it certain al-

leged false financial statements. From the decree of the court canceling these instruments on the ground of duress, the defendant bank appeals.

Pending this appeal the parties entered into a stipulation requesting this court to reverse the decree of the lower court and to reinstate the note and mortgage, but, before hearing, the plaintiff repudiated such stipulation and asked that the case be heard on its merits. The motion to reverse and remand the cause in accordance with the stipulation is denied.

The husband of the plaintiff was engaged in the automobile business in the city of Tillamook and, during the years 1928 and 1929, became indebted to the defendant bank in excess of $5,000, such indebtedness being represented by his unsecured notes. When the automobile business began to go on the rocks and Bosch was unable to reduce his indebtedness, the bank began to press him for security. Finally a meeting was arranged at Salem, Oregon, in the office of C. A. Swope who had for some years been acting as attorney for the plaintiff. The president of the bank and its attorney attended this meeting at which were also present H. H. Bosch and C. A. Swope. Here it was that the mortgage in question was prepared and, in accordance with the directions of the bank, Swope and the husband of the plaintiff drove to the home of the plaintiff, about eight miles distant from Salem, where the mortgage was executed. In this transaction Swope was apparently more concerned in the welfare of the bank than he was in protecting the interests of the plaintiff. There is a direct conflict in the testimony as to whether any threats of criminal prosecution were made to the plaintiff by the bank through its agents, but we believe, as did the trial court, that this

woman, who was not indebted to the bank, was led to believe that if she did not give this security the doors of the penitentiary would open for her and her husband. Since there are no questions of law involved, we are not inclined to review in detail the evidence which supports this conclusion. The record has been carefully examined and it is our opinion that the trial court was right in canceling this note and mortgage on the ground of duress.

It follows that the decree of the lower court is affirmed.